THE LAW FIRM OF

# CÉSAR DE CASTRO, P.C.

ATTORNEY AT LAW

The Trump Building
40 Wall Street, 28th Floor
New York, New York 10005

646.512.5806  Main
646.839.2682  Fax
www.cdecastrolaw.com

September 25, 2013

*Via* ECF and Email

The Honorable William H. Pauley III
United States District Judge for the
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Daugerdas, et al.*, S6 09 Cr. 581 (WHP)

Dear Judge Pauley:

During my re-cross examination of government witness Robert Greisman, I moved for the admission of portions of Mr. Greisman's June 2005 deposition testimony as prior inconsistent statements under Federal Rule of Evidence 801(d)(1)(A). I sought to admit the prior testimony of Mr. Greisman that I read into evidence, without objection, during my cross examination on September 23, 2013. *See* Transcript at 1917:21 – 1923:11. Mr. Field now moves for the admission of a portion of the deposition testimony that constitutes inconsistent statements under Rule 801(d)(1)(A).

Rule 801(d)(1)(A) provides that "a statement is not hearsay [and therefore admissible] if the declarant testifies at trial, is subject to cross examination concerning the statement, and the statement is inconsistent with the declarant's testimony provided it was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition."

Mr. Field is seeking the admission of the portion of Mr. Greisman's deposition testimony in which he discussed the meaning and influence of Internal Revenue Service notices. On September 19, 2013, Mr. Greisman testified that IRS notices are "influential." On <u>direct examination</u>, Mr. Greisman was asked the following question, and gave the following answer:

    Q:    What legal force is there to IRS notices like notice 2000-44?

> A: They don't have legal force. They're basically statements of position. So **they have influence**, because the notice tells you what the IRS is thinking and planning on doing, but it does not have legal effect.

Sept. 19, 2013 Trial Tran. at 1554:10.

On September 23, 2013, on <u>cross-examination</u>, he similarly testified:

> Q: Because IRS notices are essentially opinions or press releases from the IRS saying what they feel about particular transactions, right?
> A: Yes.
>
> Q: They don't have the effect of law, but it's essentially a position that they may be taking in the future?
>
> A: **They are influential in their guidance and their statements of position.**
>
> Q: Those notices, quite often then the IRS does take that position going forward, either in future – with client and in future court cases, right?
>
> A: Yes. That's the point of the notice.

Sept. 23, 2013 Trial Tran. at 1862:16 – 1863:2.

However, in 2005, Mr. Greisman testified that IRS Notices are akin to press releases. He did not mention that they have any influential value at all. *See* Greisman June 20, 2005 Deposition Transcript at 42:16 – 43:18. Specifically, he testified to the following:

> Q: What is it?
>
> A: The IRS has a practice of issuing notices. Notices are – I think this is well established – effective or equivalent to press releases. They're not recognized by court as having any precedent whatsoever. They're basically the IRS's way of announcing something. Over a period of time in the last several years the IRS has taken to issuing notices. Again, I'll use the word "press releases" again, saying that particular transactions – they will describe those transactions in very general terms – are in their opinion abusive tax shelter transactions, which itself might raise hours of discussion in terms of what is an abusive tax shelter.
>
> So the IRS issues these press releases saying that these notices – saying that certain transactions described are abusive tax shelters. From time to time they compile a master list of all the notices. They update it from time to time, adding new ones, deleting old ones because the Court sometimes reviews them and says, "you know what, this actually works."

> And the notice 2004-67 which you presented to me is their updated compilation as of 2004, of the notice of transactions that they consider abusive transaction shelters.

Accordingly, because Mr. Greisman's deposition testimony regarding the influential value of an IRS notice is inconsistent with his trial testimony, Mr. Field respectfully requests that the above portion of Mr. Greisman's 2005 deposition testimony be admitted into evidence as a prior inconsistent statement under Rule 801(d)(1)(A).

Respectfully submitted,

/s/

César de Castro


cc:     All counsel *via* email and ECF.