KOSTELANETZ & FINK, LLP

7 WORLD TRADE CENTER
NEW YORK, NEW YORK 10007

TEL: (212) 808-8100
FAX: (212) 808-8108
www.kflaw.com

October 19, 2013

VIA E-MAIL

Hon. William H. Pauley, III
United States District Judge
Southern District of New York
500 Pearl Street
Room 2210
New York, New York 10007

Re: *United States v. Daugerdas, et al.*, S6 09 Cr. 581 (WHP)

Dear Judge Pauley:

We write in response to the letter of Assistant United States Attorney Nanette Davis, which was submitted to the Court by e-mail last evening. The purpose of this letter is to provide an explanation for the e-mail identified by the government as one that "could be construed as a threat" by Denis Field against attorneys at DLA Piper. (Davis letter at 1). Mr. Field's e-mail was not intended in any way as a threat against anyone.

As the Court is well aware, BDO has declined to pay Mr. Field's attorneys' fees in connection with this criminal case based in large part on BDO's allegation that Mr. Field caused the memorandum prepared by Skadden Arps (the "Skadden memo"), which was the subject of testimony at this trial just last week, to be concealed from BDO's Board of Directors. As set forth in detail in my letter to the Court of October 6, 2013, in which we alleged that the government had committed Jencks Act violations, we only recently learned that numerous depositions relevant to the issues in this trial were taken in the matter captioned *BDO v. Morgan Lewis & Bockius*, Civil Action No. 9640-09M. Our October 6th letter identified two particular depositions, those of Scott Univer and Fred Goldberg, but many others were taken of individuals presently or previously employed by BDO, and some of those depositions relate to the Skadden memo. Those depositions arguably constitute new evidence that is highly relevant to Mr. Field's claim for attorneys' fees and reveal that, despite the position that BDO has taken for many years, there is strong evidence that the draft of the Skadden memo was shown to the Risk Management Committee and that the Skadden memo was shared with others both within and outside of BDO before Mr. Field's resignation in October 2003.

In his October 16, 2013, e-mail to Raja Gaddipati, a DLA attorney, which is copied to at least 23 other individuals, Mr. Field responded to an earlier e-mail from DLA attorneys in which Mr. Field was provided with a notice of entry of a new order filed in New York State Supreme Court in connection with the fee arbitration. Mr. Field stated, "Tell your partners to back off in New York Supreme Court. I will give you DLA and Poulos an unforgettable memory soon."

We have spoken with Mr. Field about this e-mail message, and it appeared to us upon first reading it and it has been confirmed by Mr. Field, that he is referencing in his e-mail the newly discovered evidence related to his fee arbitration. It is Mr. Field's intention to bring this newly discovered evidence to the attention of the appropriate tribunal. Mr. Field did not intend to suggest that he intended to cause physical harm to anyone; rather, on this highly emotional issue for Mr. Field, he inartfully alerted DLA to the fact that he is not done fighting his fee battle.

We have spoken with Ms. Davis and provided her with the above explanation. It is our understanding that the government does not intend to make any application to the Court in connection with its submission. We have of course advised Mr. Field to refrain from sending any further e-mails of this nature. If necessary, we are prepared to address this further with the Court on Monday morning.

Respectfully submitted,

Sharon L. McCarthy

cc: All counsel
(By e-mail)