THE LAW FIRM OF

# CÉSAR DE CASTRO, P.C.

ATTORNEY AT LAW

The Trump Building
40 Wall Street, 28th Floor
New York, New York 10005

646.512.5806  Main
646.839.2682  Fax
www.cdecastrolaw.com

October 23, 2013

The Honorable William H. Pauley III
United State District Judge for the
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    *United States v. Daugerdas, et al.,* S6 09 Cr. 581 (WHP)

Dear Judge Pauley:

      We write in response to the government's September 6, 2013 and October 20, 2013, letters in which it requests that the Court instruct the jury with respect to *Pinkerton* liability on the substantive tax evasion charges and the mail fraud charge, pursuant to *Pinkerton v. United States*, 328 U.S. 640 (1946). In the first trial of this matter, the Court denied the government's request for a *Pinkerton* instruction on the ground that the instruction "masks the specific intent element of the tax evasion charges and is very likely to confuse the jury as to the *mens rea* required for the various crimes charged in the indictment." *See* May 9, 2011 Transcript at 8134. The Court further found that the substantive tax evasion counts are "inchoate in the conspiracy count." *Id*. As this Court is well aware, the jury convicted the defendants on each count in the indictment without considering *Pinkerton* liability. This is a re-trial of those same charges, and the government has offered no compelling reason for the Court to revisit its prior ruling. Accordingly, the government's request for a *Pinkerton* charge in this re-trial should be denied.

      In *Pinkerton*, the Supreme Court held that once a conspiracy has been established, the criminal liability of its members can extend to all acts of wrongdoing reasonably foreseeable as a consequence of the criminal agreement. 328 U.S. at 647. However, "*Pinkerton* is not 'a broad principle of vicarious liability that imposes criminal responsibility upon every co-conspirator for whatever substantive offenses any of their confederates commit.'" *United States v. Coplan*, 703 F.3d 46, 71 (2d Cir. 2012) (quoting *United States v. Bruno*, 383 F.3d 65, 90 (2d Cir. 2004)). Moreover, it is well established that a *Pinkerton* instruction should not be given as a matter of course. *United States v. Sperling*, 506 F.2d 1323, 1341 (2d Cir. 1974); *United States v. Corr*, 543 F.2d 1042, 1050 (2d Cir. 1976); *United States v. Salameh*, 152 F.3d 88, 149 (2d Cir. 1998); *United States v. Escobar*, 463 Fed. Appx. 58, 67 (2d Cir. 2012) (summary order). The danger

inherent in a *Pinkerton* instruction is that the jury may improperly infer the existence of the conspiracy from the series of criminal offenses committed by others.  *Escobar*, 463 Fed. Appx. at 67 (citing *Salameh*, 152 F.3d at 149).

The Court should adhere to its prior ruling that a *Pinkerton* charge is inappropriate.  First, the majority of the cases cited in the government's October 20, 2013 letter, were decided prior to the first trial in 2011.  Those cases undoubtedly were brought to the Court's attention prior to its ruling denying the government's request.[1]  None of the cases cited by the government addresses the Court's concern that a *Pinkerton* instruction will confuse the jury as to the *mens rea* required for the crimes charged in the indictment.  Indeed, as this Court noted in denying the government's request the first time, the substantive tax evasion counts are inchoate in the conspiracy count; it therefore follows that if the jury concludes that a defendant participated in the charged conspiracy, the jury likely will vote to convict on the substantive tax evasion counts.  The *Pinkerton* charge would only serve to confuse the jury and invite it improperly to infer the existence of a conspiracy from the substantive tax evasion counts in the indictment.  *See United States v. Thompkins*, 284 Fed. Appx. 858, 859 (2d Cir. 2008) (summary order) ("a *Pinkerton* charge is inappropriate where the evidence of the conspiracy charge is sufficiently thin that the charge invites the jury into an inverse *Pinkerton* analysis, by which it infers the conspiracy from a series of disparate substantive offenses.").

The government contends that the Court's concerns about jury confusion should be allayed by the Second Circuit's decisions in *Coplan* and *United States v. Pfaff*, 407 Fed. Appx. 506 (2d Cir. 2010).   In *Coplan*, however, the Second Circuit reversed all of the conspiracy counts premised on *Pinkerton* liability, noting that "*Pinkerton* is not a broad principle of vicarious liability that imposes criminal responsibility upon every coconspirator for whatever substantive offenses any of their confederates commit."  703 F.3d at 71 (internal quotations and citations omitted).  The *Coplan* court went on to state that while "*Pinkerton* may permit a broader scope of liability for established coconspirators, the doctrine does not dilute or erode the basic requirement that 'the person charged with conspiracy *knew* of the existence of the scheme alleged in the indictment and *knowingly joined and participated* in it.'"  *Id.* (emphasis in original) (quoting *United States v. Rodriguez*, 392 F.3d 539, 545 (2d Cir. 2004)).  Furthermore, the *Pfaff* court did not even address the *Pinkerton* issue because the jury acquitted the defendants of the conspiracy counts, rejecting the *Pinkerton* theory; therefore, no appellate challenge was made to the *Pinkerton* instruction.  *See* Brief for Defendant Pfaff, No. 09 Cr. 1702, 2009 WL 8044179 at *61.  Instead, the defendants' jury instruction challenges focused on the instructions relating to economic substance.  *Id.*

None of the cases cited by the government should alleviate the Court's concerns that a *Pinkerton* instruction will only confuse the jury on the *mens rea* required for the crimes charged

---

[1] The government cites the following cases, decided prior to the Court's original ruling, for the simple proposition that the Court has the authority to give a *Pinkerton* instruction: (1) *United States v. Gallerani*, 68 F.3d 611 (2d Cir. 1995); (2) *Salameh*, 152 F3d 88; (3) *United States v. Wiley*, 846 F.2d 150, 154 (2d Cir. 1988); (4) *United States v. Pierce*, 479 F.3d 546 (8th Cir. 2007); (5) *United States v. Aramony*, 88 F.3d 1369 (4th Cir. 1996); (6) *United States v. Moran*, 482 F.3d 1101 (9th Cir. 2007); and (7) *United States v. Mothersill*, 87 F.3d 1214 (11th Cir. 1996).

in the indictment.  Accordingly, this Court should deny the government's renewed request for a *Pinkerton* instruction.

      We also join in the letter submitted by counsel for defendant Paul Daugerdas, in which they request that the Court supplement its introduction to the tax evasion charge, revise its instruction concerning "economic substance" and enhance its mail fraud charge.

      Very truly yours,

      /s/

César de Castro

Sharon L. McCarthy (SLM-1527)
KOSTELANETZ & FINK, LLP
7 World Trade Center

New York, New York 10007
(212) 808-8100

Attorneys for Denis Field


cc:    All counsel *via* email and ECF.