THE LAW FIRM OF

# CÉSAR DE CASTRO, P.C.

ATTORNEY AT LAW

The Trump Building
40 Wall Street, 28th Floor
New York, New York 10005

646.512.5806  Main
646.839.2682  Fax
www.cdecastrolaw.com

October 28, 2013

*Via* **Email and ECF**

The Honorable William H. Pauley III
United State District Judge for the
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>*United States v. Daugerdas, et al.,* S6 09 Cr. 581 (WHP)</u>

Dear Judge Pauley:

      We write in further support of our motion for a mistrial as a result of the arguments made in the government's rebuttal summation concerning Denis Field's tax reporting.

      **A.**   <u>**Trial Record**</u>

      Mr. Field is not charged in this case with tax evasion pertaining to his personal tax returns. The indictment does allege at Paragraph 58 that Mr. Field "utilized tax shelters for [himself] in order to evade personal tax liabilities on the substantial income [he was] receiving from the sales of the fraudulent shelters. As the Court is aware, we moved for a severance of Counts 14-16 of the Indictment, which charge Paul Daugerdas with personal tax evasion. Since that motion was denied, Mr. Field was left with no option but to put before the jury the record of his own tax reporting for tax years 2000 through 2003.

      On direct examination of Revenue Agent Catanzaro, AUSA Stanley Okula elicited information pertaining only to Mr. Field's 2000 tax return. Agent Catanzaro testified that Mr. Field declared $1.2 million in tax losses on his 2000 return out of a total $4.9 million in basis generated from a tax shelter. (Tr. 6924-26). He reported the $1.2 million in loss on the face of his return. (Tr. 6926). After Mr. Field's 2000 return was subject to audit, he made advance payments and ultimately settled the audit with the IRS. (Tr. 6926).

The government did not elicit any information from Agent Catanzaro concerning the nature of the tax shelter used by Mr. Field to generate the tax loss. In fact, the shelter used by Mr. Field was not a Jenkens & Gilchrist transaction.

On cross-examination, we elicited from Agent Catanzaro the history of Mr. Field's tax payments for tax years 2000 through 20003. Ultimately, that examination resulted in Defense Exhibit VC-1, which is a record of those tax payments. It shows that in those four tax years, Mr. Field paid $10.4 million in tax. Agent Catanzaro testified that to the extent that any penalties were assessed against Mr. Field in those tax years, none were fraud penalties. She also confirmed that Mr. Field is not charged criminally in connection with his personal tax reporting. (Tr. 6985-6987).

**B. Defense Summation**

In summation, we reminded the jury that Mr. Field had paid nearly $10.5 million on the $18 million in income the government alleged he earned from the Tax Solutions Group business. We noted that in one year he over-paid his taxes by over $400,000. We then noted that, to the extent that there were any adjustments to his returns, as Agent Catanzaro had testified, there were no civil fraud penalties. We next argued, "Mr. Field was not charged here with personal tax evasion. He paid his taxes. Denis Field was not out to defraud the IRS. His own personal tax reporting shows you that." (Tr. 7479-7480).

**C. Rebuttal Summation**

In its rebuttal summation, the government essentially argued to the jury that Mr. Field had committed criminal tax fraud through his use of a tax shelter. The government argued the following:

> Ms. McCarthy got up to you and said Denis Field paid all of his taxes. There's nothing wrong with what his tax reporting was.
>
> That's bunk. You know from the testimony of Agent Catanzaro he generated $5 million of fraudulent basis through a tax shelter transaction in 2000. And he claimed $1.2 million of fraudulent losses on his tax return for that year. And when the IRS then started an audit, he quickly amended the return and amended that stuff off the return.
>
> What does that all mean? That, as Ms. McCarthy said, that his tax reporting was correct? No, it doesn't. It's like a bank robber getting caught as he's walking out of the bank with the bag of money. He changed his returns, he change those fraudulent items off his returns after the IRS started his audit.
>
> But the key point is, remember, he claimed that $1.2 million fraudulent loss when he first filed that return. So keep that in mind when you're considering whether Denis Field truly believed in his position. By the way, if he believed that the loss that he claimed on that tax return was good, why didn't he seek to have that litigated in court? Why did he just basically fold up his tent and say, OK, IRS

2

you got me. I'm going to let it go. And Denis Field's the guy who was the wherewithal to take on the IRS. He can pay lawyers. Why didn't he defend his position? What it shows is Denis Field is going to report a fraudulent loss, and as soon as somebody calls him on it he's going to amend it out and run away. That's just what Paul Daugerdas did as well. (Tr. 7584-7575).

The Government's rebuttal arguments strayed far afield from the facts in evidence and resulted in a wholly improper, prejudicial argument that we are now left with no ability to answer. There is absolutely no evidence in the record concerning the facts surrounding Mr. Field's settlement with the IRS. The jury has now been told by the government, however, that Mr. Field "quickly" settled his audit, "folded up his tent" and let it go. He was equated to a bank robber getting caught with a bag of cash and surrendering because the government "got" him. In addition, and just as improperly, the government informed the jury – despite the actual facts of Mr. Field's present indigency – that Denis Field "can pay lawyers" and asked "Why didn't he defend his position?"

We submit that there is no curative instruction that can alleviate the prejudice caused by these improper statements in the government's rebuttal. We therefore renew our request for a mistrial on behalf of Denis Field.

Respectfully submitted,

/s/

César de Castro

Sharon L. McCarthy (SLM-1527)
KOSTELANETZ & FINK, LLP
7 World Trade Center
New York, New York 10007
(212) 808-8100
Attorneys for Denis Field

cc: All counsel *via* email and ECF.